IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMRA VENERABLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-2485-D |
| VS. | § | |
| | § | |
| VOUGHT AIRCRAFT INDUSTRIES, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action alleging violations of federal and state labor laws and breach of contract under state law, defendants move to dismiss under Fed. R. Civ. P. 12(b)(6). The court grants the motion but also allows plaintiff to replead.[*]

I

Plaintiff Tamara Venerable ("Venerable") sued her former employers Vought Aircraft Industries, Inc. and Triumph Aerostructures, LLC in Texas state court for breach of contract, *quantum meruit*, promissory estoppel, and violations of the Fair Labor Standards Act, the Texas Workers' Compensation Act, and the Texas Commission on Human Rights Act ("TCHRA"). According to Venerable's state court petition, she was not paid wages to which

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

she was entitled because she complained to her superiors about an injury sustained at work and because she filed for worker's compensation.

Defendants removed the case to this court. They now move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted, or, alternatively, move the court to require Venerable to replead with an adequate factual and legal basis for her claims.

II

In deciding this motion, the court evaluates the sufficiency of Venerable's state court petition by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive defendants' motion to dismiss, Venerable must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere

- 2 -

conclusory statements, do not suffice." *Id.* at 1949 (citation omitted).

### III

The parties primarily dispute whether Venerable has alleged sufficient facts to show that she is entitled to relief for any of her claims. Venerable argues that her petition meets the pleading standards of *Iqbal* and *Twombly*. Defendants maintain that the allegations of the petition are conclusory and do not provide enough facts for the court to evaluate the claims' plausibility.

### A

Venerable's petition was filed in Texas state court, where *Twombly* and *Iqbal* do not provide the pleading standard. Although she asserts claims that *could* be viable if adequately pleaded, her petition does not contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Venerable's allegations either recite the elements of the cause of action or are not specific enough to "show[]" that she is entitled to relief. *Id.* at 1950. For example, under the TCHRA, "[a]n employer commits an unlawful employment practice if because of . . . disability . . . the employer . . . discharges an individual." Tex. Lab. Code Ann. § 21.051 (West 2006). In support of her TCHRA claim, Venerable alleges that she was "injured on the job" and that "[d]efendants discharged [her] because of a disability." Pet. 2, 5 ¶ 7, 34. These assertions are conclusory and do not enable the court to assess the plausibility of the claim. *See Iqbal*, 129 S. Ct. at 1949.

- 3 -

B

Defendants also move to dismiss Venerable's state law claims for breach of contract, *quantum meruit*, and promissory estoppel on the ground that her employment was governed by a collective bargaining agreement ("CBA") and these claims are therefore preempted by § 301 of the Labor Management Relations Act ("LMRA"). Section 301 preempts state contract and tort claims "when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). Because the court does not have before it a basis to determine the legal relationship between defendants and Venerable, defendants' preemption argument cannot be resolved in the context of this Rule 12(b)(6) motion. The court can consider in deciding a Rule 12(b)(6) motion a contract attached to a motion to dismiss. *See, e.g., Kane Enters. v. MacGregor USA Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)) ("[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim."). But no documents are attached to the petition or to the motion to dismiss that demonstrate that the employment relationship between Venerable and defendants was governed by a CBA or any other contract. The court therefore disposes of these claims based on their insufficiency under *Twombly* and *Iqbal* rather than preemption under § 301 of the LMRA.

IV

Although the court has granted defendants' motion to dismiss under Rule 12(b)(6), it will permit Venerable to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Venerable cannot, or is unwilling to, cure the defects that the court has identified, the court grants Venerable 30 days from the date of this memorandum opinion and order to file an amended complaint. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case).

*       *       *

For the reasons explained, the court grants defendants' September 27, 2011 motion to dismiss. Venerable may file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

December 1, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE